GEORGE BLANCHARD *vs.* GILMAN BLOOD, and others.

Piscataquis.     Opinion March 1, 1895.

*Poor Debtor.    Bond.    Action.    R. S., c. 113, §§ 24, 72.*

In an action on a poor debtor's bond the defendants' plea of performance is sustained, if it is shown that one of the alternative conditions of the bond has been fulfilled.

Within six months from the execution of the bond, a debtor surrendered himself into jail, delivered to the jailer copies of the execution and bond, and remained in his custody for more than four weeks. He was then released by reason of the failure of the creditor to advance money or furnish security for the support of the debtor in jail.

The creditor claimed that the debtor's release was irregular and unauthorized because his complaint in writing, that he was unable to support himself in jail, was fatally defective in omitting to state the name of the creditor and the amount of the judgment. *Held;* that this inquiry is immaterial to the decision of the question in this action. It cannot affect the rights of the sureties on the bond, the penalty of which was saved by the debtor's voluntary surrender to the jailer and his actual confinement in jail.

ON REPORT.

The case appears in the opinion.

*J. B. Peaks,* for plaintiff.

*W. E. Parsons, and H. Hudson,* for defendants.

SITTING: PETERS, C. J., FOSTER, EMERY, WHITEHOUSE, WISWELL, STROUT, JJ.

WHITEHOUSE, J. This is an action against the principal and sureties on a bond given to release a poor debtor from arrest on execution. The bond appears to be in the form prescribed by section 24 of chapter 113 of the Revised Statutes, one of the alternative conditions being that the debtor will, "within six months thereafter," . . . . "deliver himself into the custody of the keeper of the jail to which he is liable to be committed under the execution." The defendants assuming the burden of proof, contended that there had been full performance on the part of the debtor of this condition of the bond. The evidence was uncontroverted that within six months after the date of the bond the execution debtor did surrender himself into the custody of the keeper of the jail to which he was liable to be committed on the execution, delivering to the jailer at the same time a duly certified copy of the execution on which he was arrested and of the bond by virtue of which he was released from arrest; that he was received by the jailer and duly committed to jail and remained in confinement there for a period of four weeks and two days, and that he was then released by the jailer by reason of the failure of the creditor to advance money or furnish security for the debtor's support in jail.

But the plaintiff contends that there was a failure on the part of the debtor to comply with the requirements of the statute

respecting the "support of debtors in jail," and that the debtor was improperly released by the jailer. Section 72 of chapter 113 of the Revised Statutes provides that: "When a person . . . . . . . delivers himself into the custody of the jailer to save the conditions of a bond given on execution, and makes a written complaint by him signed and sworn to, stating that he is unable to support himself in jail and has not sufficient property to furnish security for his support, the jailer may require any one of the creditors, their agent or attorney, security for his support; and unless it is satisfactorily furnished within eight days after the request, or money is paid in advance therefor from time to time, he may release him."

It appears that in pursuance of an obvious purpose to comply with this statute, the debtor delivered to the jailer, on the day of his surrender a "written complaint signed and sworn to by him," reciting the fact and date of his arrest, the date of the execution and the term of the court at which the judgment was rendered; and stating that he gave the bond provided for in the 24th section of the 113th chapter of the Revised Statutes; that in accordance with one of the conditions of the bond he that day delivered himself into the custody of the jailer; and that he was "unable to support himself in jail and had not sufficient property to furnish security for his support therein;" and that the jailer thereupon duly notified the plaintiff's attorney that he had received such a complaint, stating the name of the creditor in whose favor the execution was issued, and formally required him to furnish security or advance money for the debtor's support in jail as provided by the statute. The plaintiff insists, however, that the debtor's complaint in writing was fatally defective because of the omission to state the name of the creditor and the amount of the judgment.

With reference to this objection it is a satisfaction to remark that, in view of the purpose to be accomplished, the "complaint in writing" contemplated by the statute is obviously not expected to possess the strict formality and technical precision of special pleading; and when it is considered that this provision is primarily for the information of the jailer, who in this in-

stance already had in his possession a copy of the execution itself on which the debtor was arrested and of the bond in suit, given thereon, the "complaint in writing" made by this debtor might reasonably be deemed a substantial compliance with this section of the statute.

But in the view here taken of the law it is unnecessary to pass upon the sufficiency of the debtor's "complaint" to the jailer, or of the jailer's notice to the creditor. It is not material to the decision of the question here presented. The defendants' plea of performance is sustained if it is shown that one of the alternative conditions of the bond has been performed. It was one of the conditions of the bond that within six months thereafter he would deliver himself into the custody of the jailer. He fully performed that condition of the bond. He surrendered himself into jail and delivered to the jailer copies of the execution and bond. The jailer accepted the papers and committed the debtor into the jail where he remained *in arcta et salva costodia* for more than four weeks. This is all the bond required him to do and his defense is made out. He did not obligate himself to make a written complaint that he was unable to support himself in jail according to the provisions of section 72, chapter 113. But he did, in fact, make a complaint in writing on the day of his surrender and therein expressly state that he delivered himself into the custody of the jailer in accordance with one of the conditions of the bond. Whether or not his liberation by the jailer was irregular and unauthorized, is an inquiry which does not affect the rights of the sureties on this bond. The penalty of the bond was saved by the debtor's voluntary surrender to the jailer and his actual confinement in jail. *Hussey* v. *Danforth*, 77 Maine, 17 ; *Rollins* v. *Dow*, 24 Maine, 123 ; *White* v. *Estes*, 44 Maine, 21.

*Judgment for the defendants.*